**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAWRENCE J. COHEN, : | |
| : | |
| Plaintiff, : | Civil No. 11-1924 (PGS) |
| : | |
| v. : | |
| : | **OPINION** |
| NJ PAROLE BOARD, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES**:

    LAWRENCE J. COHEN, Plaintiff <u>pro se</u>
    Monmouth County Correctional Institution
    One Waterworks Road
    Freehold, New Jersey 07728

**SHERIDAN**, District Judge

    Plaintiff, Lawrence J. Cohen, a state inmate confined at the Monmouth County Correctional Institution in Freehold, New Jersey, at the time he submitted the above-captioned Complaint for filing, seeks to bring this action <u>in forma pauperis</u>.  Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether the Complaint should be dismissed as frivolous or malicious, for

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

I. BACKGROUND

Plaintiff, Lawrence J. Cohen ("Cohen"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: the New Jersey State Parole Board ("NJSPB") and Julienne Sirico, District Parole Supervisor. (Complaint, Caption and ¶ 4b). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Cohen alleges that he has been subject to "Community Supervision for Life", pursuant to N.J.S.A. 2C:43-6.4,[1] since his release from prison on January 9, 2006. Cohen alleges that, on November 28, 2007, defendant Sirico "dictated" that Cohen "cannot use the Internet for legal purposes, and (2) on June 26, 2008, that [Cohen] cannot attend [his] own 'book signings, speaking engagements, interviews, etc., as related to sales, distribution, and/or marketing of any of [his] published works.'" (Compl., ¶ 4b). Cohen further alleges that, on June 26, 2008, the NJSPB

---

[1] N.J.S.A. 2C:43-6.4 governs the special sentence of community supervision for life imposed on persons convicted of certain sexual offenses. Under 2C:43-6.4(b), the

2

imposed restrictions preventing Cohen from "'initiating and/or soliciting any contact with the public, including but not limited to book signings, speaking engagements, interviews, etc., as it related to the sales, distribution, and/or marketing, of any of [his] published works.'" (Compl., ¶ 6).  Cohen attaches to his Complaint the two letters from the NJSPB, sent by defendant Sirico, which recites the above restrictions or conditions.

The first letter reciting the November 28, 2007 conditions (signed by Cohen on January 31, 2008), actually reads: "This new supervision condition prohibits you from accessing the Internet for the purpose of social networking."  In particular, the condition provides:

> I shall refrain from using any computer and/or device to create any social networking profile or to access any social networking service or chat room (including but not limited to MySpace, Facebook, Match.com, Yahoo 360) in my own name or any other name for any reason unless expressly authorized by the District Parole Supervisor.

The Internet condition does not restrict plaintiff from use of the Internet for legal purposes as alleged in his Complaint.

Further, the second letter, dated June 26, 2008, as attached to the Complaint, reads:

> You are to refrain from initiating and/or soliciting any contact with the public, including but not limited to, "book signings," speaking engagements, interviews, etc., as it related to the sales, distribution and/or marketing of any of your published works **that may be geared towards children**.

(Emphasis added).  The Court notes that this second condition restricts only plaintiff's published works that may be geared towards children.

3

Cohen also attaches a letter, dated March 25, 2011, addressed to Judge Scully, Superior Court of New Jersey, Monmouth County, in which he complains about allegedly tampered evidence involving a computer used by him at the public library, and alleged lies by the prosecutors before the courts and grand jury concerning the tier level of plaintiff's registered sex offender designation.

Finally, in his Complaint, Cohen alleges that these restrictions or conditions "prevents [him] from earning a living as a writer of fiction novels, which is [his] profession." (Compl., ¶ 6). He seeks to have the state law N.J.S.A. 2C:43-6.4 declared unconstitutional, as a violation of his First Amendment rights. (Id.).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an

§ 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court

5

reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. <u>Id</u>. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed.R.Civ.P.</u> 8(a)(2).[2] Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "<u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." <u>Fed.R.Civ.P.</u> 8(d).

> cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

7

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89

---

[3]  In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

8

(2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

Cohen challenges the defendants' "ability to create new conditions at will," which prevents him from "accessing the Internet for lawful purposes," and prevents him from attending his own book signings, engagements or otherwise marketing his own works as a "professional author of fiction," in violation of his First Amendment rights.

Cohen admittedly is a convicted sex offender who was sentenced to community supervision for life under N.J.S.A. 2C:43-6.4.  This statute provides, in pertinent part:

> 2C:43-6.4. Special sentence of community supervision for life imposed on persons convicted of certain sexual offense
>
> a. Notwithstanding any provision of law to the contrary, a judge imposing sentence on a person who has been convicted of aggravated sexual assault, sexual assault, aggravated criminal sexual contact, kidnapping pursuant to paragraph (2) of subsection c. of N.J.S. 2C:13-1, endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child pursuant to subsection a. of N.J.S. 2C:24-4, endangering the welfare of a child pursuant to paragraph (3) of subsection b. of N.J.S. 2C:24-4, luring or an attempt to commit any of these offenses shall include, in addition to any sentence authorized by this Code, a special sentence of parole supervision for life.
>
> b. The special sentence of parole supervision for life required by this section shall commence immediately upon the defendant's release from incarceration.  If the defendant is serving a sentence of incarceration for another offense at the time he completes the custodial portion of the sentence imposed on the present offense, the special sentence of parole supervision for life shall not commence until the defendant is actually released from incarceration for the other offense.  Persons serving a special sentence of parole supervision for life shall remain in the legal custody of the Commissioner of Corrections, shall be supervised by the Division of Parole of the State Parole Board, shall be

subject to the provisions and conditions set forth in subsection c. of section 3 of P.L. 1997, c. 117 (C.30:4-123.51b) and sections 15 through 19 and 21 of P.L. 1979, c. 441 (C.30:4-123.59 through 30:4-123.63 and 30:4-123.65), and shall be subject to conditions appropriate to protect the public and foster rehabilitation. Such conditions may include the requirement that the person comply with the conditions set forth in subsection f. of this section concerning use of a computer or other device with access to the Internet. If the defendant violates a condition of a special sentence of parole supervision for life, the defendant shall be subject to the provisions of sections 16 through 19 and 21 of P.L.1979, c. 441 (C.30:4-123.60 through 30:4-123.63 and 30:4-123.65), and for the purpose of calculating the limitation on time served pursuant to section 21 of P.L.1979, c. 441 (C.30:4-123.65) the custodial term imposed upon the defendant related to the special sentence of parole supervision for life shall be deemed to be a term of life imprisonment. When the court suspends the imposition of sentence on a defendant who has been convicted of any offense enumerated in subsection a. of this section, the court may not suspend imposition of the special sentence of parole supervision for life, which shall commence immediately, with the Division of Parole of the State Parole Board maintaining supervision over that defendant, including the defendant's compliance with any conditions imposed by the court pursuant to N.J.S.2C:45-1, in accordance with the provisions of this subsection. Nothing contained in this subsection shall prevent the court from at any time proceeding under the provisions of N.J.S.2C:45-1 through 2C:45-4 against any such defendant for a violation of any conditions imposed by the court when it suspended imposition of sentence, or prevent the Division of Parole from proceeding under the provisions of sections 16 through 19 and 21 of P.L.1979, c. 441 (C. 30:4-123.60 through 30:4-123.63 and C.30:4-123.65) against any such defendant for a violation of any conditions of the special sentence of parole supervision for life, including the conditions imposed by the court pursuant to N.J.S.2C:45-1.

In any such proceeding by the Division of Parole, the provisions of subsection c. of section 3 of P.L.1997, c. 117 (C.30:4-123.51b) authorizing revocation and return to prison shall be applicable to such a defendant, notwithstanding that the defendant may not have been sentenced to or served any portion of a custodial term for conviction of an offense enumerated in subsection a. of this section.

c. A person sentenced to a term of parole supervision for life may petition the Superior Court for release from that parole supervision. The judge may grant a petition for release from a special sentence of parole supervision for life only upon proof by clear and convincing evidence that the person has not committed a crime for 15 years since the last conviction or release from incarceration, whichever is later, and that the person is not likely to pose a threat to the safety of others if released from parole supervision. Notwithstanding the provisions of section 22 of P.L.1979, c. 441 (C.30:4-123.66), a person sentenced to a term of parole supervision for life may be released from that parole supervision term only by court order as provided in this subsection.

d. A person who violates a condition of a special sentence imposed pursuant to this section without good cause is guilty of a crime of the fourth degree. Notwithstanding any other law to the contrary, a person sentenced pursuant to this subsection shall be sentenced to a term of imprisonment, unless the court is clearly convinced that the interests of justice so far outweigh the need to deter this conduct and the interest in public safety that a sentence to imprisonment would be a manifest injustice. Nothing in this subsection shall preclude subjecting a person who violates any condition of a special sentence of parole supervision for life to the provisions of sections 16 through 19 and 21 of P.L.1979, c. 441 (C.30:4-123.60 through 30:4-123.63 and C.30:4-123.65) pursuant to the provisions of subsection c. of section 3 of P.L.1997, c. 117 (C.30:4-123.51b).

e. A person who, while serving a special sentence of parole supervision for life imposed pursuant to this section, commits a violation of N.J.S.2C:11-3, N.J.S.2C:11-4, N.J.S.2C:11-5, subsection b. of N.J.S.2C:12-1, N.J.S.2C:13-1, section 1 of P.L.1983, c.291 (C.2C:13-6), N.J.S.2C:14-2, N.J.S.2C:14-3, N.J.S.2C:24-4, N. J.S.2C:18-2 when the offense is a crime of the second degree, or subsection a. of N.J.S.2C:39-4 shall be sentenced to an extended term of imprisonment as set forth in N.J.S.2C:43-7, which term shall, notwithstanding the provisions of N.J.S.2C:43-7 or any other law, be served in its entirety prior to the person's resumption of the term of parole supervision for life.

f. The special sentence of parole supervision for life required by this section may include any of the following Internet access conditions:

>     (1) Prohibit the person from accessing or using a computer or any other device with Internet capability without the prior written approval of the court except the person may use a computer or any other device with Internet capability in connection with that person's employment or search for employment with the prior approval of the person's parole officer;
>     (2) Require the person to submit to periodic unannounced examinations of the person's computer or any other device with Internet capability by a parole officer, law enforcement officer or assigned computer or information technology specialist, including the retrieval and copying of all data from the computer or device and any internal or external peripherals and removal of such information, equipment or device to conduct a more thorough inspection;
>     (3) Require the person to submit to the installation on the person's computer or device with Internet capability, at the person's expense, one or more hardware or software systems to monitor the Internet use; and
>     (4) Require the person to submit to any other appropriate restrictions concerning the person's use or access of a computer or any other device with Internet capability.

N.J.S.A. 2C:43-6.4(a) through (f).

Cohen essentially claims that his First Amendment rights under the United States Constitution were violated by defendants' special condition restricting Internet access "for lawful purposes."  However, it is clear that the condition limits only plaintiff's Internet access to social networking, such as Facebook, MySpace, Match.com, etc.  Cohen does not indicate the length of time that this condition of limited Internet access has been imposed.

The Superior Court of New Jersey, Appellate Division, has held that a convicted sex offender on supervised release, such as Cohen, does not have a First Amendment right to access and participate in a chat room or social networking service, or to

13

access pornographic web sites showing underage girls.  See James v. New Jersey State Parole Bd., 2011 WL 3629193, * 3 (N. J. Super. A.D. Aug. 19, 2011); Griffin v. Wisconsin, 483 U.S. 868, 874 (1987).  See also United States v. Maurer, 639 F.3d 72, 85 (3d Cir. 2011)(upholding restriction on internet because it "shares a nexus to the goals of deterrence and protection of the public and does not involve a greater deprivation of liberty than is necessary in this case"); Morrissey v. Brewer, 408 U.S . 471, 480 (1972)(a person serving a sentence of parole does not have "absolute liberty to which every citizen is entitled, but only ... the conditional liberty properly dependent on observance of special parole restrictions").  Thus, the condition imposed upon Cohen here is not an overbroad prohibition of all access to the Internet.  See, e.g., United States v. Heckman, 592 F.3d 400, 408-09 (3d Cir. 2010)(holding that a condition of supervised release prohibiting defendant from access to any Internet service provider or other computer network for life was too broad); United States v. Albertson, 645 F.3d 191, 198 (3d Cir.  2011) (holding that a 20-year ban on any Internet access unless approved by probation, was "sweepingly broad and, indeed, too broad unless the defendant has used the internet as an instrument of harm"), cert. denied, 131 S.Ct. 3045 (June 20, 2011).  But see, e.g., United States v. Love, 593 F.3d 1, 11-13 (C.A.D.C. Jan. 22, 2010)("Consensus is emerging among our sister circuits that Internet bans, while perhaps unreasonably broad for

defendants who possess or distribute child pornography, may be appropriate for those who use the Internet to 'initiate or facilitate the victimization of children.'" (citing United States v. Holm, 326 F.3d 872, 878 (7th Cir.), cert. denied, 540 U.S. 894 (2003); United States v. Thielemann, 575 F.3d 265, 278 (3d Cir. 2009), cert. denied, 130 S.Ct. 1109 (Jan. 11, 2010); United States v. Johnson, 446 F.3d 272, 283 (2d Cir.), cert. denied, 549 U.S. 953 (2006); United States v. Boston, 494 F.3d 660, 668 (8th Cir. 2007); United States v. Paul, 274 F.3d 155, 169 (5th Cir. 2001), cert. denied, 535 U.S. 1002 (2002)).

Here, the restriction of access to social networking services on the Internet is limited in scope and appears to be geared to the nature of defendant's sex offender conviction. Thus, it does not appear to be unconstitutionally broad or vague, nor is it violative of plaintiff's First Amendment rights. A complete or total ban on any Internet access has not been imposed. In addition, the restrictions on his attendance at book signings, speaking engagements and marketing of plaintiff's own published works is limited to published works that may be geared towards children.

Thus, there is no absolute ban on Internet access for lawful purposes, as alleged by Cohen. Moreover, Cohen's assertion that the ban on speaking engagements, etc., prevents him from "earning a living as a writer of fiction novels" is belied by the actual condition imposed, as it operates only to preclude contact with

15

the public with respect to published works that may be geared towards children.

Therefore, the Complaint fails to state a cognizable claim of a First Amendment violation at this time, and it will be dismissed without prejudice.

V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety, as against all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted at this time.  An appropriate order follows.


                                    s/Peter G. Sheridan
                                    PETER G. SHERIDAN, U.S.D.J.

May 3, 2012